# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBBIE L. RICHARDSON,
                Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
AT-0752-16-0583-I-1

DATE: October 14, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robbie L. Richardson</u>, Fayetteville, North Carolina, pro se.

<u>Barbara S. Patch</u>, Esquire, St. Petersburg, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her constructive removal appeal for lack of jurisdiction because she failed to nonfrivolously allege that her decision to resign was involuntary due to improper agency action and, thus, tantamount to an appealable removal action.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant was employed by the agency as a GS-06 Clinical Dietetic Technician. Initial Appeal File (IAF), Tab 1 at 1. During her employment, the appellant was accepted to a Master's of Social Work (MSW) program at the University of New England.[2] *Id.* at 10. To complete the MSW program, the appellant was required to participate in a full-time internship, which she scheduled for May 4 through September 4, 2015. IAF, Tab 10 at 91, 107. On April 7, 2015, the appellant submitted a request to change her work schedule from full-time to part-time so that she could complete her internship hours. *Id.* at 107. The agency denied the appellant's request, stating that it did not meet the department's needs. *Id.* at 104-06. The appellant then requested leave without pay for the same time period, *id.* at 102-03, which the agency also denied, stating that it would cause the agency hardship, *id.* at 101-02.

---

[2] There appears to be no dispute that the appellant's Clinical Dietetic Technician position did not require an MSW degree. IAF, Tab 11 at 6.

¶3        Believing that the agency's denials to change her schedule constituted race and age discrimination, the appellant contacted an equal employment opportunity counselor on May 1, 2015, for informal counseling. *Id.* at 30-31. Because her internship was set to begin, however, the appellant took 4 weeks of annual leave. IAF, Tab 5 at 2. On June 1, 2015, the appellant submitted a notice of resignation stating that her last day of employment would be June 2, 2015. IAF, Tab 10 at 100. The resignation was effective June 3, 2015. *Id.* at 99. On July 24, 2015, the appellant filed a formal discrimination complaint against the agency, *id.* at 26, arguing that it approved schedule changes for several white, younger employees and employees returning after maternity leave, *id.* at 35, but denied her own requests, *id.* at 26. On April 28, 2016, the agency issued a Final Agency Decision finding no discrimination. *Id.* at 29-41.

¶4        The appellant filed an appeal with the Board, alleging that her resignation was involuntary and that the agency denying her scheduling change request was based on discrimination. IAF, Tab 1 at 2. On July 22, 2016, the administrative judge issued an initial decision dismissing the appeal without holding a hearing for lack of jurisdiction because the appellant failed to nonfrivolously allege facts that would support a finding that her resignation was coerced or otherwise involuntary. IAF, Tab 11, Initial Decision (ID) at 6. The appellant has filed a petition for review renewing her argument that her resignation was involuntary. Petition for Review (PFR) File, Tab 1 at 4-5. In response, the agency argues that the administrative judge properly dismissed the appeal for lack of jurisdiction. PFR File, Tab 3 at 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        The appellant has the burden of proving by preponderant evidence that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). An employee-initiated action, such as resignation, is presumed to be voluntary and, thus, outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*,

107 M.S.P.R. 501, ¶ 17 (2007). An involuntary resignation, however, is equivalent to a forced removal and, therefore, is within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). If an appellant presents nonfrivolous allegations of Board jurisdiction, i.e., allegations of fact that, if proven, could establish the Board's jurisdiction, then she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *Id.* at 1344; 5 C.F.R. § 1201.4(s).

¶6        To overcome the presumption that a resignation is voluntary, the employee must show that it was the result of the agency's misinformation, deception, or coercion. *Vitale*, 107 M.S.P.R. 501, ¶ 19. To establish involuntariness on the basis of coercion, the appellant must also show that the agency effectively imposed the terms of her resignation, that she had no realistic alternative but to resign, and that her resignation was the result of improper acts by the agency. *Id.* The touchstone of this analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id.*

¶7        Here, the appellant contends that her working conditions were so intolerable that she had no choice but to resign. IAF, Tab 5 at 1-3. In cases such as this, the Board will find an action involuntary only if the employee demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Vitale*, 107 M.S.P.R. 501, ¶ 20. In making this determination, the Board will address allegations of discrimination only insofar as they relate to the issue of voluntariness and not whether they would establish discrimination as an affirmative defense. *See, e.g.*, *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001). Thus, evidence of discrimination ultimately goes to the question of coercion. *Id.*

¶8        Regarding the question of voluntariness, the appellant asserts that the agency's denial of her schedule change request deprived her of her freedom of

choice. PFR File, Tab 1 at 4-5. The administrative judge addressed this argument, finding the appellant voluntarily chose to undertake the internship and elected the MSW program over her job. ID at 5-6. We agree that the appellant has failed to nonfrivolously allege that any improper actions by the agency coerced her decision, which was grounded in her voluntary choice to pursue the MSW. *Id.* Moreover, the appellant has not alleged that the agency imposed the terms of her resignation. ID at 5. To the contrary, the record suggests that the appellant contemplated resigning well before she submitted her formal notification, IAF, Tab 10 at 94-95, and she chose her own resignation date, *id.* at 100.

¶9      Further, the appellant acknowledges that the alternative to resigning was to work full-time. PFR File, Tab 1 at 4-5. Nonetheless, she has failed to nonfrivolously allege that any improper agency actions prevented her from continuing to work. ID at 6. We find that her allegations, if proven, could only establish her own election to forgo her employment so she would not have to suspend, even temporarily, her efforts to attain an MSW. The administrative judge stated, and we agree, that "the appellant's decision to resign in order to pursue her educational and career goals was, therefore, the quintessential choice between two unpleasant alternatives." *Id.*; *see Lawson v. U.S. Postal Service*, 68 M.S.P.R. 345, 350 (1995). Furthermore, we find that the appellant was not subjected to any conditions so difficult or unpleasant that a reasonable person would have felt compelled to resign. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 13 (2010) (finding that the appellant's allegations, which included a contention about the denial of his leave request, did not evince working conditions so intolerable that would have compelled a reasonable person to resign).

¶10      The appellant also claims on review that the administrative judge failed to consider a June 26, 2015 mediation related to her discrimination claim. PFR File, Tab 1 at 3. We find that the administrative judge was not required to consider the

mediation because it occurred after the appellant's resignation and could not have influenced her decision to resign. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 23 (2000) (stating that an administrative judge's failure to address in the initial decision facts that occurred after the appellant's resignation was not an error because it could not have contributed to alleged intolerable working conditions).

¶11      The appellant also argues that the administrative judge failed to consider her discrimination claims. PFR File, Tab 1 at 1-2, 4-5. The administrative judge correctly determined that the Board does not have jurisdiction over these claims. ID at 6 n.2; *see Garcia*, 437 F.3d at 1324-35. As stated above, the Board will consider such claims only as they relate to the question of voluntariness. *Pickens*, 88 M.S.P.R. 525, ¶ 6. As relevant to the jurisdictional issue, the appellant asserts that the agency denying her scheduling change requests was motivated by unlawful discrimination. *E.g.*, IAF, Tab 1 at 2, 10; PFR File, Tab 1 at 4-5. We find that none of the appellant's discrimination claims, even if proven, could change the basic fact that she could have continued to stay and perform in her position. Further, the appellant had already begun the process of addressing the alleged discrimination before she resigned and could have waited for the outcome of her complaint to determine if resignation was necessary. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009). As such, we find that the appellant has failed to nonfrivolously allege that any discrimination on the part of the agency rendered her resignation involuntary.[3]

---

[3] On May 17, 2018, the agency filed a motion for leave to submit a new document not previously available despite its due diligence. PFR File, Tab 5. On May 25, 2018, the Board granted the motion, PFR File, Tab 7, and the agency subsequently submitted an Equal Employment Opportunity Commission (EEOC) decision regarding the appellant's discrimination claims finding that the appellant failed to prove that the agency discriminated against her, PFR File, Tab 8 at 5-8. We have considered this evidence, and we find that it does not change the outcome of our decision. At most, the EEOC decision reaffirms our conclusion that the appellant failed to show that any alleged or perceived discrimination had an effect on the voluntariness of her resignation.

¶12      Based on the foregoing, we find that the appellant has failed to nonfrivolously allege that her decision to resign was involuntary. Accordingly, we deny the appellant's petition for review and affirm the initial decision's dismissal of this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for

                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.